UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIZRA DEDIC,<br><br>    Plaintiff,<br><br>    v.<br><br>SECURITAS SECURITY SERVICES USA, INC.,<br><br>    Defendant. | Case No. 5:17-cv-06728-HRL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 23 |

Plaintiff Mizra Dedic sued his former employer, Securitas Security Services USA, Inc. (Securitas) in state court for alleged wage and hour violations under state law. Securitas answered the complaint and then removed the action here, asserting federal question jurisdiction based on a collective bargaining agreement (CBA) and complete preemption under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).

Now before the court are plaintiff's motion to remand this matter to state court and defendant's motion for judgment on the pleadings. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The matter is deemed suitable for resolution without oral argument, and the May 8, 2018 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court grants plaintiff's motion to remand and does not reach defendant's

motion for judgment on the pleadings.

**BACKGROUND**

According to the complaint's allegations: Securitas provides security services throughout the United States and California. (Dkt. 1, Complaint ¶ 7). Dedic was employed by Securitas as a security guard, a non-exempt position, from 2011 to 2013 in San Jose, California. (*Id.* ¶ 6). When they are hired, Securitas (1) provides security guards, including Dedic, documents advising that due to the nature of their duties, most assignments do not allow guards to leave the job site for meal periods; and (2) requires guards to sign an agreement to that effect. (*Id.* 12-14). The complaint goes on to allege that Dedic was never informed of his right under California law to an off-duty meal period or the circumstances under which he would be entitled to an off-duty meal period. Additionally, plaintiff says he routinely worked more than five hours (or multiples thereof) without being provided off-duty meal periods. (*Id.* ¶¶ 15, 17). Plaintiff further claims that Securitas failed to provide compliant rest breaks; failed to properly compensate him for all overtime hours worked; and failed to provide accurate itemized wage statements as required by Industrial Welfare Commission (IWC) Wage Orders and the California Labor Code.

Dedic brought this suit in Santa Clara County Superior Court, asserting five claims for relief: (1) failure to provide meal periods or compensation therefor, IWC Wage Order 4-2001; Cal. Labor Code §§ 200, 203, 226.7, 512; (2) failure to provide rest periods or compensation therefor, IWC Wage Order 4-2001; Cal. Labor Code § 226.7; (3) failure to provide accurate wage statements, Cal. Labor Code § 226; (4) unlawful, deceptive and/or unfair business practices, Cal. Bus. & Prof. Code § 17200, *et seq.* (UCL claim); and (5) failure to pay overtime compensation, Cal. Labor Code §§ 1194, 1197, 1197.1. Securitas removed the matter here, asserting federal question jurisdiction under 28 U.S.C. § 1331 based on LMRA preemption, and supplemental jurisdiction under 28 U.S.C. § 1367.

Plaintiff contends that his claims arise only under state law and are not preempted by the LMRA. He therefore moves to remand on the ground that this court lacks subject matter

2

jurisdiction over this case.[1] Maintaining that plaintiff's claims are preempted, Securitas seeks judgment on the pleadings, arguing that Dedic (1) cannot pursue his claims in court because he was required, but failed, to proceed with the grievance and arbitration process set out in the CBA; (2) is exempt from California's statutory meal and overtime requirements by virtue of Cal. Labor Code §§ 512(e), 512(f), and 514; and (3) fails to state a claim for relief.[2]

Turning first to plaintiff's motion for remand and, for the reasons to be discussed, the court concludes that LMRA section 301 preemption does not apply and that the court lacks subject matter jurisdiction over this case. As such, the court grants plaintiff's motion for remand and does not reach defendant's motion for judgment on the pleadings.

## DISCUSSION

### A. Legal Standard

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.*

---

[1] No one claims that this court has diversity jurisdiction under 28 U.S.C. § 1332.

[2] Defendant also argued plaintiff lacks standing to seek injunctive relief, a point that plaintiff now concedes.

3

However, even when only state law claims have been pled, "complete preemption" provides a basis for removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). LMRA section 301 has complete preemptive force and vests jurisdiction in federal courts for "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). Once preempted, any claim purportedly based on preempted state law "is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

To determine whether LMRA section 301 preemption applies, courts in the Ninth Circuit apply a two-part test. First, the court makes "an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside v. Kiewitt Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id*. (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985)). But, if the right exists independently of the CBA, then the court "must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id*. (quoting *Caterpillar*, 482 U.S. at 394). "If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id*. at 1059-60. LMRA section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law . . . it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement, (and not whether a grievance arising from 'precisely the same set of facts' could be pursued) that decides whether a state cause of action may go forward." *Lividas v. Bradshaw*, 512 U.S. 107, 123-24 (1994) (citations omitted).

In determining whether complete preemption applies, the court properly may consider documents beyond the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir.1998), superseded by statute on other grounds as stated in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir.2006) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal

4

claims.").

**B. Dedic's claims exist independently of the CBA**

In determining "whether a particular right inheres in state law or, instead, is grounded in a CBA," the court considers "'the *legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Burnside*, 491 F.3d at 1060 (quoting *Lividas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Additionally, "reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" *Id.* (citing *Caterpillar*, 482 U.S. at 398-99).

### 1. Meal break claim

With certain qualifications, California Labor Code section 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . .."[3] As discussed, Dedic basically complains that he was not permitted off-duty meal periods, even when on-duty meal periods were not absolutely necessary. Securitas argues that plaintiff's meal period rights do not exist outside the CBA because, it contends, plaintiff falls within the statutory exemption in California Labor Code section 512(e).

Section 512(e) of the California Labor Code provides that when certain conditions are satisfied, then section 512(a) does not apply to various kinds of employees identified in section 512(f), including certain employees "employed in the security services industry as a security officer . . .."[4] The conditions that must be satisfied for the section 512(e) exemption to apply are as follows:

(1) The employee is covered by a valid collective bargaining agreement.

---

[3] One qualification is "that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." Cal. Labor Code § 512(a).

[4] Section 512(f)(3) concerns "[a]n employee employed in the security services industry as a security officer who is registered pursuant to Chapter 11.5 (commencing with Section 7580) of Division 3 of the Business and Professions Code, and who is employed by a private patrol operator registered pursuant to that chapter."

5

> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Labor Code § 512(e)(1), (2). Dedic does not refute defendant's showing that the section 512(e) conditions are satisfied and that he meets section 512(f)'s "security officer" specification. And, Securitas points to *Coria v. Recology, Inc.*, in which a court in this district held that if the section 512(e) exemption applies, "then 512(a) does *not* apply, and plaintiff's claimed right to meal periods cannot be said to be based on state law." 63 F. Supp.3d 1093, 1097 (N.D. Cal. 2014).

Nevertheless, plaintiff correctly notes that section 512(a) addresses *when* meal periods must be provided, not whether the meal period must be off-duty. The off-duty requirement, he says, is established by IWC Wage Order 4-2001(11)(A), providing that an on-duty meal period is permitted only if the employee signs a written on-duty meal period agreement *and* the nature of the employee's work requires an on-duty meal period. In any event, plaintiff argues that the section 512(e) exemption is a defense, which cannot provide a basis for federal subject matter jurisdiction.

On this latter point, the court agrees with those in this circuit that have found *Coria*'s reasoning unpersuasive and have instead followed *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp.3d 932 (C.D. Cal. 2014), which held that such statutory exemptions are an affirmative defense that does not give rise to preemption under LMRA section 301. *See, e.g., Young v. Securitas Security Servs. USA, Inc.*, No. 17-cv-05342-JCS, 2018 WL 1142190, at *7 (N.D. Cal., Mar. 2, 2018) ("Because the statutory exceptions on which Securitas relies are affirmative defenses, they do not give rise to section 301 preemption, even if adjudication of those defenses would require reference to the CBA."); *Cuellar-Ramirez v. US Foods, Inc.*, No. 16-cv-00085-RS, 2016 WL 1238603, at *4 (N.D. Cal., Mar. 22, 2016) ("In other words, the exemption---which must be pleaded and proved---does not alter the substance of plaintiff's claim; it means simply that plaintiff may not ultimately prevail on the merits of [his] state law cause of action.");

*Lopez v. Sysco Corp.*, No 15-cv-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal., Jan. 25, 2016) (concluding that the defendant did not satisfy the first prong of the preemption analysis because "the invocation of an exemption to the Labor Code is an affirmative defense.").

Securitas has not satisfied the first prong of the preemption analysis with respect to plaintiff's meal break claim.

### 2. Overtime Claim

For the same reason, the court also concludes that defendant has not met the first prong of the preemption analysis as to Dedic's overtime claim. Section 510 of the California Labor Code requires employees to be paid an overtime premium for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . .." Cal. Labor Code § 510(a). Defendant argues that the overtime claim does not exist outside the CBA because it claims that Dedic falls within an exemption under California Labor Code section 514. That statute provides that section 510 does not apply "to an employee covered by a valid [CBA]" and where the CBA "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Labor Code § 514. For the reasons already discussed, this court rejects defendant's contention. *See Cuellar-Ramirez*, 2016 WL 1238603 at *6 ("As discussed, [section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense") (citation omitted); *see also Plascencia v. Amcor Packaging Distribution, Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal., May 12, 2014) ("If Plaintiff's overtime claim under California law fails, that doesn't mean this Court has jurisdiction, it means [defendant] wins.").

### 3. Remaining Claims

Plaintiff alleges that he was denied rest breaks in violation of California Labor Code § 226.7 and IWC Wage Order 4-2001, which he says require 10-minute breaks per 4 hours (or major fraction thereof) of work. He also claims that, as a result of the alleged meal period, rest break, and overtime violations, Securitas failed to provide accurate itemized wage statement as required

by California Labor Code section 226. Plaintiff contends that these claims are not preempted because they are based on non-negotiable state law rights. *See, e.g., Zavala v. Scott Bros. Dairy*, 143 Cal. App.4th 585, 595 (2006) (concluding that "the Legislature made both rest breaks and wage-stub itemization requirements specifically nonwaivable and non-abridgeable by contract.") Further, he argues that it is irrelevant whether the CBA might contain provisions governing such matters. *See Lividas*, 512 U.S. at 123-24 (emphasizing that LMRA section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law . . . it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement, (and not whether a grievance arising from 'precisely the same set of facts' could be pursued) that decides whether a state cause of action may go forward."); *see also Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000) ("Moreover, § 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights . . .").

Defendant argues that the rest break and wage statement claims are preempted. But, for the reasons to be discussed, defendant's arguments about the rest break claim focus on the second prong of the preemption analysis, i.e., whether plaintiff's claims substantially depend on interpretation of the CBA. As for plaintiff's derivative claims (plaintiff's UCL claim indisputably is derivative, and defendant argues that the wage statement claim is too), each side simply argues that, they rise (or fall) with the others. Accordingly, the court now turns to the second prong of the preemption analysis.

### C. Dedic's claims do not substantially depend on interpretation of the CBA

A state court action seeking to vindicate substantive state rights "is preempted only if it 'requires the interpretation of a [CBA]." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 690 (9th Cir. 2001) (quoting *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)). In determining "whether a state law right is 'substantially dependent' on the terms of a CBA," the court must decide "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." *Burnside*, 491 F.3d at 1060 (quoting *Livadas*, 512 U.S. at 125)). If interpretation is required, the claim is preempted. *Id.*

8

The "'look to'/'interpret' distinction is 'not always clear or amenable to a bright-line test," and "some assessments are easier to make than others." *Burnside*, 491 F.3d at 1060 (quoting *Cramer*, 255 F.3d at 691). Nevertheless, some general principles provide guidance: In this context, "the term 'interpret' is defined narrowly---it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta*, 208 F.3d at 1108. Thus, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124 (citing *Lingle*, 486 U.S. at 413 n.12). Nor is "'the simple need to refer to bargained-for wage rates in computing [a] penalty,' . . . enough to warrant preemption." *Burnside*, 491 F.3d at 1060 (quoting *Livadas*, 512 U.S. at 125). "Similarly, 'alleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim.'" *Id.* (quoting *Cramer*, 255 F.3d at 691). "Finally, in cases presenting the question whether the plaintiff's union 'bargained away the state law right at issue. . . . a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering [section] 301 preemption.'" *Id.* (quoting *Cramer*, 255 F.3d at 692).

Dedic contends that none of his claims requires interpretation of the CBA. For example, he says he does not dispute the wage rate, but claims only that he was not paid what he contends is due. Additionally, plaintiff points out that his wage statement claim can be resolved simply by looking at the statements themselves.

For its part, Securitas says that interpretation of the CBA is needed to resolve a dispute as to whether plaintiff was obliged to first proceed through the CBA's grievance/arbitration procedures. Here, defendant contends that Dedic was required to do so; and, because Securitas says that he did not, defendant argues that plaintiff must (at least impliedly) dispute that those CBA procedures apply. Plaintiff, however, has not refuted defendant's arguments as to the mandatory nature of the CBA provisions re grievance and arbitration. The court is not persuaded by *Raphael v. Tesoro Refining & Mktg. Co., LLC*, No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293 (C.D. Cal., June 30, 2015) or *Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579 (E.D. Cal., Aug. 29, 2013). In those cases, the courts concluded that interpretation

9

of the CBAs was required, in part, because the parties disputed whether the plaintiffs' claims had to be resolved through the CBA's arbitration process. And, ultimately, the court agrees that arguments about plaintiff's alleged failure to exhaust his claims is a defense that cannot provide the basis for federal jurisdiction.

Defendant nevertheless argues that interpretation of the CBA is required because the CBA itself provides: "If any state or local law, regulation or wage order dealing with meal and/or rest periods provides more generous terms to the employee than are provided here, the state or local law, regulation or wage order shall prevail." (Dkt. 1-5 at 12). As such, Securitas says that, at a minimum, interpretation of the CBA will be required to determine whether, and to what extent, state law provides terms more generous than those provided under the CBA. Defendant goes on to argue that the CBA's provisions would need to be interpreted in order to determine "whether meal or overtime pay violations occurred," "whether the exemptions to state law applied, what constituted a meal period and/or rest break, when and for how long an employee may take meal periods and rest breaks, how meal periods and rest breaks were to be treated in terms of the employee's compensation, etc." (Dkt. 25 at 21-22). But, defendant does not convincingly demonstrate, with reference to particular provisions, why such a determination would require interpretation, as opposed to merely looking to the CBA's provisions and comparing them to state law ones.

As such, Securitas has not satisfied the second prong of the analysis with respect to any of plaintiff's claims. The court therefore concludes that LMRA section 301 preemption does not apply and that the court lacks subject matter jurisdiction over this case. Accordingly, plaintiff's motion for remand is granted, and the court does not reach defendant's motion for judgment on the pleadings.

**ORDER**

Based on the foregoing, plaintiff's motion for remand to the Santa Clara County Superior Court is granted. The Clerk is directed to close this file.

SO ORDERED.

Dated: May 7, 2018

HOWARD R. LLOYD
United States Magistrate Judge